## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DARREN JERNIGAN
1304 Riverside
Old Hickory, TN 37138

       Plaintiff,

vs.                              **CASE NO:**

JBG/L'ENFANT PLAZA HOTEL OPERATOR, LLC and
POTOMAC CREEK ASSOCIATES, LP
D/B/A L'ENFANT PLAZA HOTEL
480 L' Enfant Plaza SW
Washington, DC 20024

       Defendants.

_____/

## COMPLAINT

      Plaintiff, DARREN JERNIGAN ("Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues JBG/L'ENFANT PLAZA HOTEL OPERATOR, LLC a foreign limited liability company, d/b/a L'ENFANT PLAZA HOTEL and POTOMAC CREEK ASSOCIATES, LP a foreign limited partnership d/b/a L'ENFANT PLAZA HOTEL, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 et.seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

1

## JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 et. seq. (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §§1331 and 1343.

2.      Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(B) and Local Rules of the United States District Court for the District of Columbia.

3.      Plaintiff, DARREN JERNIGAN (hereinafter referred to as "MR. JERNIGAN") is a resident of the State of Tennessee and is a qualified individual with a disability under the ADA. MR. JERNIGAN suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations. Prior to instituting the instant action, MR. JERNIGAN personally visited the Defendants' premises, L'ENFANT PLAZA HOTEL located at 480 L'Enfant Plaza SW, Washington, DC 20024 (hereinafter referred to as the "HOTEL"), and was denied full, safe and equal access to the Defendants' premises due to the barriers to access which exist and the Defendants' lack of compliance with the ADA.  MR. JERNIGAN intends to and continues to desire to visit the Defendants' premises in the future but continues to be denied full, safe and equal access due to the violations, which continue to exist.

4.      The Defendant, JBG/L'ENFANT PLAZA HOTEL OPERATOR, LLC (hereinafter referred to as "JBG/L'ENFANT"), is authorized to conduct and is conducting business in the District of Columbia.  Upon information and belief, JBG/L'ENFANT is the owner and/or operator of the HOTEL.

5.      The Defendant, POTOMAC CREEK ASSOCIATES, LP (hereinafter referred to as

"POTOMAC CREEK"), is authorized to conduct and is conducting business in the District of Columbia. Upon information and belief, POTOMAC CREEK is the agent/owner and/or operator of the HOTEL.

6.     All events giving rise to this lawsuit occurred in the District of Columbia.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AS TO DEFENDANT, JBG/L'ENFANT PLAZA HOTEL OPERATOR, LLC.

7.     The Plaintiff re-alleges and re-avers paragraphs one through six.

8.     On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(A).

9.     Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the establishment owned and/or operated by JBG/L'ENFANT is a place of public accommodation in that it is a hotel, which provides goods and services to the public.

10.     Defendant, JBG/L'ENFANT has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the HOTEL in derogation of 42 U.S.C. § 12101 et. seq.

11.     Prior to the filing of this lawsuit, the Plaintiff visited the HOTEL for three consecutive years immediately preceding the filing of this complaint to attend employment –related conferences at the HOTEL. Due to the fact that the HOTEL has no guest rooms with roll-in showers, the Plaintiff has been forced to find alternative lodging accommodations and commute to

the HOTEL to attend the conference while other, able-bodied attendees of the conferences are able to lodge at the HOTEL.

12.     The Plaintiff continues to desire to visit and intends to visit the HOTEL in the future for conferences and for his frequent business trips to Washington, D.C.  Furthermore, the Plaintiff would reserve a room at the HOTEL for attendance at future conferences and business trips but is presently precluded from doing so because of the architectural barriers to access that remain at the HOTEL in violation of the ADA. .

13.     As a direct result of the violations of the ADA at Defendant's HOTEL, the Plaintiff has suffered an injury in fact.

14.      Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

15.     JBG/L'ENFANT is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R.36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations in the common areas of the facility:

LOBBY/ELEVATORS

i.     The registration desk is too high;
ii.    The elevators lack adequate and compliant signage;
iii.   The emergency communication devices in the elevators contain hardware
       that requires tight grasping, pinching and twisting of the wrist to operate;

TOILET ROOMS---LOBBY

i.     There is insufficient maneuvering space provided to exit the toilet room;
ii.    There is no "accessible" toilet stall provided;
iii.   There is no lowered urinal provided;

4

iv.     The toilet seat cover dispenser is mounted out of reach range;

v.     There is insufficient knee clearance provided at the common use lavatory;

TOILET ROOMS---NEAR MEETING ROOMS ON SECOND FLOOR

i.     The toilet rooms lack adequate and compliant signage;

ii.     The door to the "accessible" toilet stall contains hardware that requires tight grasping, pinching and twisting of the wrist to operate;

iii.     The coat hook in the accessible toilet stall is mounted too high;

iv.     There is insufficient clear floor space to exit the toilet room;

TOILET ROOMS---NEAR MEETING ROOMS ON THE FIRST FLOOR

i.     There is insufficient maneuvering clearance provided on the pull side of the door;

ii.     There is insufficient clear floor space provided in the "accessible" toilet stall;

iii.     The "accessible" toilet stall lacks adequate and compliant grab bars;

iv.     The water closet in the "accessible" toilet stall is mounted too low;

v.     The door to the "accessible" toilet stall contains hardware that requires tight grasping, pinching and twisting of the wrist to operate;

vi.     The toilet seat cover dispenser in the toilet room located near the meeting rooms on the first floor is mounted out of reach range;

vii.     The pipes underneath the lavatory lack insulation;

TOILET ROOMS---11th FLOOR

i.     The doors to the toilet rooms on the eleventh floor near the fitness room are too narrow and are therefore wholly inaccessible to wheelchair users;

LOUNGE

i.     There are no "accessible" seating positions provided in the bar area;

GUEST ROOMS

i.     The "accessible" guest rooms lack adequate and compliant signage;

ii.     There are no accessible guest rooms provided with roll-in showers;

iii.     Upon information and belief, the "accessible" guest rooms contain numerous barriers to access.

16.     Upon information and belief, there are other violations of the ADA present at the

HOTEL which are not specifically identified herein as the Plaintiff is not required to engage in a

futile gesture pursuant to 28 C.F.R. Part 36, § 36.501 and only once a full inspection is performed by Plaintiff or Plaintiff's representative can all said violations be identified.

17.    To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with provisions of the ADA.

18.    Pursuant to the ADA, 42 U.S.C. § 12101 et. seq., and 28 C.F.R. § 36.304, JBG/L'ENFANT was required to make its property, a place of public accommodation, accessible to persons with disabilities by January 28, 1992.  To date, JBG/L'ENFANT has failed to comply with this mandate.

19.    The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by JBG/L'ENFANT pursuant to 42 U.S.C. § 12205.

20.    Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against JBG/L'ENFANT and requests the following injunctive and declaratory relief:

A.    That the Court declare that the property owned and administered by JBG/L'ENFANT is violative of the ADA;

B.    That the Court enter an Order directing JBG/L'ENFANT to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C.    That the Court enter an Order directing JBG/L'ENFANT to

evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.    That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT I I- VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AS TO DEFENDANT, POTOMAC CREEK ASSOCIATES, LP

21.    The Plaintiff re-alleges and re-avers paragraphs one through six.

22.    On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(A).

23.    Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the establishment owned and/or operated by POTOMAC CREEK is a place of public accommodation in that it is a hotel, which provides goods and services to the public.

24.    Prior to the filing of this lawsuit, the Plaintiff visited the HOTEL for three consecutive years immediately preceding the filing of this complaint to attend employment –related conferences at the HOTEL.  Due to the fact that the HOTEL has no guest rooms with roll-in showers, he has been forced to find alternative lodging accommodations and commute to the HOTEL to attend the conference while other, able-bodied attendees of the conferences are able to lodge at the HOTEL.

25.    The Plaintiff continues to desire to visit and intends to visit the HOTEL in the future

for conferences and for his frequent business trips to Washington, D.C. Furthermore, the Plaintiff would reserve a room at the HOTEL for attendance at future conferences and business trips but is presently precluded from doing so because of the architectural barriers to access that remain at the HOTEL in violation of the ADA.

26.     As a direct result of the violations of the ADA at Defendant's HOTEL, the Plaintiff has suffered an injury in fact.

27.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

28.     POTOMAC CREEK is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R.36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations in the common areas of the facility:

LOBBY/ELEVATORS

i.      The registration desk is too high;
ii.     The elevators lack adequate and compliant signage;
iii.    The emergency communication devices in the elevators contain hardware that requires tight grasping, pinching and twisting of the wrist to operate;

TOILET ROOMS---LOBBY

i.      There is insufficient maneuvering space provided to exit the toilet room;
ii.     There is no "accessible" toilet stall provided;
iii.    There is no lowered urinal provided;
iv.     The toilet seat cover dispenser is mounted out of reach range;
v.      There is insufficient knee clearance provided at the common use lavatory;

TOILET ROOMS---NEAR MEETING ROOMS ON SECOND FLOOR

i.      The toilet rooms lack adequate and compliant signage;

    ii.      The door to the "accessible" toilet stall contains hardware that requires tight grasping, pinching and twisting of the wrist to operate;

    iii.     The coat hook in the accessible toilet stall is mounted too high;

    iv.     There is insufficient clear floor space to exit the toilet room;

TOILET ROOMS---NEAR MEETING ROOMS ON THE FIRST FLOOR

    i.       There is insufficient maneuvering clearance provided on the pull side of the door;

    ii.      There is insufficient clear floor space provided in the "accessible" toilet stall;

    iii.     The "accessible" toilet stall lacks adequate and compliant grab bars;

    iv.     The water closet in the "accessible" toilet stall is mounted too low;

    v.      The door to the "accessible" toilet stall contains hardware that requires tight grasping, pinching and twisting of the wrist to operate;

    vi.     The toilet seat cover dispenser in the toilet room located near the meeting rooms on the first floor is mounted out of reach range;

    vii.    The pipes underneath the lavatory lack insulation;

TOILET ROOMS---11[th] FLOOR

    i.       The doors to the toilet rooms on the eleventh floor near the fitness room are too narrow and are therefore wholly inaccessible to wheelchair users;

LOUNGE

    i.       There are no "accessible" seating positions provided in the bar area;

GUEST ROOMS

    i.       The "accessible" guest rooms lack adequate and compliant signage;

    ii.      There are no accessible guest rooms provided with roll-in showers;

    iii.     Upon information and belief, the "accessible" guest rooms contain numerous barriers to access.

29.    Upon information and belief, there are other violations of the ADA present at the HOTEL which are not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, § 36.501 and only once a full inspection is performed by Plaintiff or Plaintiff's representative can all said violations be identified.

30.    To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with provisions of the ADA.

31.    Pursuant to the ADA, 42 U.S.C. § 12101 et. seq., and 28 C.F.R. § 36.304, POTOMAC CREEK was required to make its property, a place of public accommodation, accessible to persons with disabilities by January 28, 1992.  To date, POTOMAC CREEK has failed to comply with this mandate.

32.    The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by POTOMAC CREEK pursuant to 42 U.S.C. § 12205.

33.    Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against POTOMAC CREEK and requests the following injunctive and declaratory relief:

A.    That the Court declare that the property owned and administered by POTOMAC CREEK is violative of the ADA;

B.    That the Court enter an Order directing POTOMAC CREEK to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C.    That the Court enter an Order directing POTOMAC CREEK to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete corrective procedures;

C.    That the Court enter an Order directing POTOMAC CREEK to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 8th of June 2005.

Respectfully submitted,

By: /s/ Joel R. Zuckerman
Joel Zuckerman, Esquire
Federal Bar No. 480152
Schwartz Zweben & Slingbaum, LLP
51 Monroe, Suite 812
Rockville, MD 20850
Telephone:    (301) 294-6868
Facsimile:      (301) 294-6480
Attorney for Plaintiff

11