UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARREN JERNIGAN,<br>1304 Riverside<br>Old Hickory, TN 37138,<br><br>     Plaintiffs,<br><br>         v.<br><br>JBG/L'ENFANT PLAZA HOTEL<br>OPERATOR, LLC and POTOMAC<br>CREEK ASSOCIATES, LP d/b/a<br>L'ENFANT PLAZA HOTEL<br>480 L'Enfant Plaza SW<br>Washington, D.C. 20024,<br><br>     Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Case Number: 05-1164 - ESH<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## DEFENDANTS' ANSWER AND DEFENSES

Defendants JBG/L'Enfant Plaza Hotel Operator, LLC and Potomac Creek Associates, LP, d/b/a L'Enfant Plaza Hotel (collectively, "Defendants"), by their counsel, hereby make their answer to the Complaint filed against them herein by the Plaintiff, Darren Jernigan ("Plaintiff").

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

In response to the specific allegations contained in the Complaint, Defendants state the following:

1.      Defendants admit that this Court has jurisdiction over the action by Plaintiff, but deny any violations of Title III of the Americans With Disabilities Act ("ADA or the Act") with

respect to the subject hotel property ("the Hotel"), and deny any other express or implied allegations of Paragraph 1.

    2.    Admitted.

    3.    Defendants are without knowledge regarding the status of Plaintiff, and allegations regarding the same are therefore denied, and the remaining allegations of Paragraph 3 are denied.

    4.    Admitted.

    5.    Admitted.

    6.    Defendants admit that the Hotel is located in Washington, D.C.

    7.    Defendants repeat their responses to Paragraphs 1 through 6 above.

    8.    Defendants admit that Congress enacted the ADA, and that the Act speaks for itself, but deny any other express or implied allegations of Paragraph 8.

    9.    Admitted.

    10.    Denied.

    11.    Denied.

    12.    Denied.

    13.    Denied.

    14.    Defendants admit that regulations at 28 CFR Part 36 were adopted and relate to the ADA, but deny any other express or implied allegations of Paragraph 14.

    15.    Defendants deny that the conditions listed in Paragraph 15 of the Complaint exist, or, alternatively, that the existence of the conditions at the present time constitutes discrimination in violation of the ADA, and further denies any other express or implied allegations in Paragraph 15.

16. Defendants deny the allegations of Paragraphs 16, but intend in good faith to voluntarily agree to a site inspection at the Property.

17. Denied.

18. Denied.

19. Denied.

20. Defendants admit that the Court has jurisdiction under the ADA to grant relief in appropriate cases, but deny that the relief sought in the Complaint is appropriate or warranted.

21. Defendants repeat their responses to Paragraphs 1 through 6 above.

22. Defendants admit that Congress enacted the ADA, and that the Act speaks for itself, but deny any other express or implied allegations of Paragraph 22.

23. Admitted.

24. Denied.

25. Denied.

26. Denied.

27. Defendants admit that regulations at 28 CFR Part 36 were adopted and relate to the ADA, but deny any other express or implied allegations of Paragraph 27.

28. Defendants deny that the conditions listed in Paragraph 28 of the Complaint exist, or, alternatively, that the existence of the conditions at the present time constitutes discrimination in violation of the ADA, and further denies any other express or implied allegations in Paragraph 28.

29. Defendants deny the allegations of Paragraphs 16, but intend in good faith to voluntarily agree to a site inspection at the Property.

30. Denied.

31. Denied.

32. Denied.

33. Defendants admit that the Court has jurisdiction under the ADA to grant relief in appropriate cases, but deny that the relief sought in the Complaint is appropriate or warranted.

### Third Defense

Facilities modifications or accommodations which are readily achievable to improve access to the Property have either been accomplished, are in progress and nearing completion, or are planned for implementation in the near future as a result of proactive, voluntary efforts by Defendants to comply with the ADA.

### Fourth Defense

To the extent, if any, that the facilities and/or practice or policy modifications identified by Plaintiff in his Complaint have not been accomplished, the requested modifications would or may fundamentally alter the nature of the property and its attendant services as a public accommodation.

### Fifth Defense

To the extent, if any, that the architectural barriers to access to the subject property for persons with disabilities identified in the Complaint have not been removed, such removal is not readily achievable and would impose undue burden upon Defendants.

**Sixth Defense**

Plaintiff lacks standing to assert some or all of the claims for relief set forth in the Complaint.

**Seventh Defense**

Plaintiff is estopped to assert a claim for attorneys' fees and costs by his failure to give Defendants notice of alleged violations and an opportunity to voluntarily cure such alleged violations prior to filing suit.

GREENSTEIN DELORME & LUCHS, P.C.

*/s/ Richard G. Wise*

| | |
|---|---|
| Dated: August 18, 2005 | Alan S. Weitz #110072<br>Richard G. Wise #134957 |
| Of Counsel | 1620 L Street, N.W., Suite 900<br>Washington, DC 20036-5605 |
| Mary A. Lau, Esq.<br>Lau, Lane, Pieper, Conley & McCreadie, P.A.<br>100 South Ashley Drive, Suite 1700<br>Tampa, FL 33602<br>(813) 229-2121 | Telephone: (202) 452-1400<br><br>Counsel for Defendants |

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Defendants Answer and Defenses was mailed, postage prepaid, on this 18th day of August to following:

Joel Robert Zuckerman, Esq.  
Schwartz, Zweben & Associates, LLP  
51 Monroe St., Suite 812  
Rockville, MD 20850  

Mary A. Lau, Esq.  
Lau, Lane, Pieper, Conley & McCreadie, P.A.  
100 South Ashley Drive, Suite 1700  
Tampa, FL 33602

*/s/ Richard G. Wise*

Richard G. Wise

268800v1